UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARTHLEY E. TAYLOR, JR.,

                                        Plaintiff,

        v.                                                    3:08-cv-873

SHELTERED WORKSHOP FOR THE
DISABLED, INC., THOMAS WENDELL,
JUDY ORBAND and DALE TEWKSBURY,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e et seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. §

12111 et seq. arising out of his employment with Defendant Sheltered Workshop for the

Disabled, Inc. ("SWS").  Presently before the Court are Defendants' motion for summary

judgment pursuant to Fed. R. Civ. 56 seeking dismissal of the Complaint in its entirety

**I.        FACTS**[1]

        Plaintiff began working for Defendant SWS in October 2005.  On his application for

vocational services to the New York State Vocation and Educational Services for Individuals

with Disabilities (VESID), Plaintiff disclosed that he had one disability - a missing left leg.  At

---

[1] The following facts are taken from Defendants' statement of material facts submitted
pursuant to N.D.N.Y.L.R. 7.1(a)(3).  Because Plaintiff was advised of the consequences of responding
to a motion for summary judgment and has not filed a response, all properly supported facts in
Defendants' statement are deemed admitted.

SWS, Plaintiff worked under the supervision of Defendant Wendell.  Plaintiff primarily did assembly work.  Aside from the missing leg, Plaintiff never advised Defendants of his other claimed disabilities (kidney disease, incontinence, and diabetes).  While working for Defendants, the only accommodation requested by Plaintiff was a closer parking space.

On September 13, 2006, Defendant left SWS at noon for lunch.  As Defendant returned to SWS, he started having pains.  Defendant parked near a side entrance near a men's bathroom.  The bathroom was under repair and, thus, inoperable.  "[K]nowing [he had] too urinate and . . . [that he] could not make it [to another bathroom], . . . [Plaintiff] went into the alcove. . . ." and proceeded to urinate on the wall.  Pl. Dep. at 44.[2]

Shortly thereafter, Plaintiff was called into Wendell's office.  Wendell inquired whether Plaintiff urinated on the building.  Plaintiff admitted that he had.  Plaintiff was then terminated from his employment, purportedly for engaging in indecent conduct.  After being terminated, Plaintiff advised Wendell that he (Plaintiff) had an incontinence problem.

Plaintiff filed a charge of discrimination with the EEOC.  Plaintiff then commenced the instant action claiming that he was terminated on account of his race or color and/or disability.[3]  Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.

## II.      STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment.  It is well settled that on a motion for summary judgment, the Court must construe

---

[2] Plaintiff testified at deposition that he "usually" wears protective undergarments "at that type of job" but that he did not wear them on September 13 "[b]ecause [he] was too lazy or [he] got up late or something. . . ."  Pl. Dep. at 51.

[3] Plaintiff has since withdrawn his claim for race discrimination.

the evidence in the light most favorable to the non-moving party, see Tenenbaum v.

Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where

"there is no genuine issue as to any material fact and . . . the moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant

evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment

bears the burden of informing the court of the basis for the motion and of identifying those

portions of the record that the moving party believes demonstrate the absence of a genuine

issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).  If the movant is able to establish a prima facie basis for summary judgment, the

burden of production shifts to the party opposing summary judgment who must produce

evidence establishing the existence of a factual dispute that a reasonable jury could resolve

in her favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A

party opposing a properly supported motion for summary judgment may not rest upon "mere

allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21

F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation.

Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

      With these standards in mind, the Court will address the pending motion.

**III.**    **DISCUSSION**

     **a.**    **The Instant Action is Untimely**

      A claim under the ADA must be filed within ninety days of the receipt of the right to

sue letter from the EEOC.  In his Complaint, Plaintiff states that he received his right to sue

letter on May 16, 2008.  At deposition, Plaintiff affirmed that he received the right to sue letter

on May 16, 2008.  Plaintiff commenced the instant litigation on Friday, August 15, 2008.  To be timely, the Complaint had to be filed on Thursday, August 14, 2008.  Because the Complaint was filed one day late, the instant action is untimely.

  **b. There is Insufficient Evidence of Discrimination**

   Assuming the ADA claim is timely, Plaintiff must demonstrate that: 1) Defendant is subject to the ADA; (2) Plaintiff was a person with a disability within the meaning of the ADA; (3) Plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) Plaintiff suffered adverse employment action because of the disability.  Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).  "Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  McBride v. BIC Consumer Products Mfg., Co., Inc., — F.3d —, 2009 WL 3163218, at *3 (2d Cir. 2009).  "A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." Id.

   Here, the focus is on the fourth element of the prima facie case.  Defendants assert that Plaintiff was terminated for engaging in indecent conduct.  This is a legitimate, nondiscriminatory reason for terminating Plaintiff's employment.  Plaintiff fails to point to sufficient evidence tending to suggest that he was terminated because of his disability[4] or that Defendants' proffered reason was a pretext for unlawful discrimination.  Plaintiff testified

---

   [4] Plaintiff was hired while disabled and the disability concerning his leg was known to Defendants at that time.

- 4 -

that he is unaware of any similarly situated persons who were not terminated and he does not have any evidence that non-disabled people are treated differently than disabled people. Plaintiff is aware of people who have had "accidents" at work but were not terminated. These situations, however, are appreciably different than urinating on the building wall (an arguable violation of N.Y. Penal Law § 204.20(7); see People v. Cooke, 152 Misc.2d 311 (Just. Ct. Rockland County 1991)).  Accordingly, the Court finds that there is insufficient evidence upon which a fair minded trier of fact could reasonably conclude that Plaintiff was discriminated against on account of his disability.

### c.    The Failure to Accommodate Claim Must Be Dismissed

To the extent Plaintiff claims that Defendant failed to provide a reasonable accommodation, any such claims must be dismissed because there is insufficient evidence upon which it can reasonably be concluded that Plaintiff requested an accommodation prior to the adverse employment action.  Brown v. Then Pension Boards, 488 F. Supp.2d 395, 407 (S.D.N.Y. 2007).  The request for an accommodation is a condition precedent to a failure to accommodate claim.[5]

---

[5] Any request for a closer parking spot is irrelevant to the claims at issue here.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is

GRANTED and Plaintiff's Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated: October 27, 2009

Thomas J. McAvoy
Senior, U.S. District Judge